STATE ex rel. SPANISH LAKE SERVICES, INC., Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent,

STATE ex rel. HOME BUILDERS ASSOCIATION OF GREATER ST. LOUIS, Intervenor-Respondent-Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent,

STATE ex rel. ST. LOUIS COUNTY, Missouri, Intervenor-Respondent-Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.

No. 58988.

Supreme Court of Missouri, En Banc.

May 5, 1976.

Louis A. Robertson, Robertson, Ely & Wieland, St. Louis, for relators.

Dominic Troiani, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Thomas W. Wehrle and Robert H. Grant, Clayton, for appellants.

Leland Curtis, Paul W. Phillips and David L. Smith, Legal Dept., State Public Service Commission, Jefferson City, for respondent.

BARDGETT, Judge.

This is a companion case to *State ex rel. Martigney Creek Sewer Company et al. v. Public Service Commission of State of Missouri*, 537 S.W.2d 388, decided concurrently herewith. Both cases virtually have the same legal issues and factual background.

The Public Service Commission of Missouri (PSC) granted to Spanish Lake Serv-ices, Inc. (Spanish Lake), a public utility sewer company, the rate increase sought by that utility. On appeal to the circuit court, the PSC's order was affirmed.

Spanish Lake and intervenors Home Builders Association of Greater St. Louis and St. Louis county appealed to the Missouri court of appeals, Kansas City district. On application of Spanish Lake, PSC, and Home Builders, the cause was transferred here by this court after opinion in the court of appeals pursuant to Art. V, sec. 10, Mo. Const., as amended.

As noted supra, the PSC approved the rate increases sought by Spanish Lake but refused to include within the rate base the following values:

(a) The value of the sewer lines conveyed to Spanish Lake by developers in the sum of $106,225;

(b) The value of plant built by connection fees in the sum of $586,593;

(c) Accumulation for depreciation in the sum of $129,203;

(d) Operating expense in the amount of $3,000—salary paid to Mrs. E. B. Joyce.

Items (a), (b), and (c) are the subject of Spanish Lake's appeal.

Home Builders contend that the percentage formula allocation of certain operating and maintenance expenses as between Spanish Lake and three other interrelated sewer companies was not supported by competent and substantial evidence and, therefore, the rate which was, in part, based thereon is unreasonable and unlawful.

█ The sewer lines conveyed to Spanish Lake by developers in the sum of $106,225 noted in item (a) above were found by the PSC to constitute donated plant and, therefore, excluded from the rate base. The same issue was determined in *Martigney, supra,* adversely to Spanish Lake's position. The point is overruled.

█ The value of the plant built by connection fees in the sum of $586,593 noted in item (b) above was found by the PSC to be contributions in aid of construction and, therefore, excluded from the rate base.

**402**

The same issue was decided adversely to Spanish Lake's position in *Martigney.* The point is overruled.

 The depreciation noted in item (c) is depreciation Spanish Lake claims on donated plant and plant paid for by contributions in aid of construction and was not allowed by the PSC's order. For the reasons stated in *Martigney,* the point is overruled.

Even though Spanish Lake was permitted to put its full rate increase into effect, and thus derive all the income it claimed was necessary to operate and maintain its plant and provide adequate service, nevertheless, Spanish Lake insists it should have been allowed that increase on the basis of the value of donated and contributed plant and depreciation allowances. If this were done, it would build into the rate base properties in which Spanish Lake never invested any capital and provide a false base for future rate increases. The future rate increases would then have to be set at a figure which included a return to the company (stockholders) on property they never purchased and require the rate payer to pay twice for those assets. This case demonstrates the wisdom of the PSC in refusing to insert those values into the rate base and refusing to allow depreciation on contributed or donated plant, as it clearly appears that these items are sought here to obtain additional capital by way of a recovery of and a return on an investment that neither the utility nor its stockholders ever made.

 Home Builders contend the PSC erred in its allocation of expenses among four interrelated sewer companies; Spanish Lake, Martigney Creek, St. Louis County Sewer Co., and Fenton Sewer Co., in that there was no substantial evidence to support the amount of the allocation to Spanish Lake.

The same ruling of *Martigney* with respect to retroactive application of sec. 393.-270, subd. 5, and PSC's rule 271; that the value of sewer lines conveyed by developers was with consideration, in compliance with FHA and VA requirements on their guarantee of loans; that the amount of expenses attributed to Spanish Lake pursuant to a proration among the four interrelated sewer companies was properly estimated, more accurate information being unavailable, apply here, and need not be further discussed.

The judgment is affirmed.

All of the Judges concur.